FILED

2010 May-11  AM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES JENKINS,** | ) |
| | ) |
| **Plaintiff,** | ) **CASE NUMBER:** _____ |
| | ) |
| | ) |
| **v.** | ) **Pending in the Circuit Court** |
| | ) **of Jefferson County, Alabama,** |
| | ) **Bessemer Division** |
| | ) **Case No: CV-2010-9000168.00** |
| **DIVERSIFIED COLLECTION** | ) |
| **SERVICES, INC.; GREAT LAKES** | ) |
| **HIGHER EDUCATION** | ) |
| **GUARANTY CORPORATION,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

COME NOW the defendants, Diversified Collection Services, Inc., ("Diversified") and Great Lakes Higher Education Guaranty Corporation, ("Great Lakes") and hereby removes the above styled action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, pending as Civil Action Number: CV-2010-900168.00, to this United States District Court for the Northern District of Alabama, Southern Division by stating as follows:

1.    The Plaintiff served Diversified with the Summons and Complaint on or about April 12, 2010.

{W0258163 1 }

2.    The Plaintiff served Great Lakes with the Summons and Complaint on or about April 19, 2010.

3.    The Plaintiff's Complaint alleges the present suit is brought pursuant to "state and *federal acts protecting individuals such as the plaintiff from collection agencies and companies*." (Complaint § 26) (Emphasis added). Specifically, the Plaintiff alleges claims of invasion of privacy, intentional infliction of emotional distress, extortion and blackmail, misrepresentation/fraud and debt collection practices violation and defamation.

4.    The United States District Court for the Northern District of Alabama, Southern Division encompasses the geographic area of the Circuit Court of Jefferson County, Alabama, Bessemer Division.

5.    Copies of all process and pleadings served upon Diversified and Great Lakes in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit B.

6.    Defendants give prompt notice of the filing of this Notice of Removal to all parties and to the Circuit Court of Jefferson County, Alabama, Bessemer Division, by filing a Notice of Filing Notice of Removal, attached as Exhibit C, together with a copy of this Notice of Removal, in the Circuit Court of Jefferson County, Alabama, Bessemer Division, and by serving same on all parties as provided in 28 U.S.C § 1446(d).

{W0258163.1 }

## Jurisdiction Based Upon Federal Question

7.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.      The Plaintiff's Complaint alleges the present suit is brought pursuant to "state and *federal acts protecting individuals such as the plaintiff from collection agencies and companies.*" (Complaint § 26) (Emphasis added).

9.      Pursuant to Count Five of the Complaint, the Plaintiff alleges the Defendants violated the statutory requirements of a collection company by contacting him.  (See Complaint § 27).

10.     Alabama has enacted no statute specifically designed to protect individuals from the practices of collection agencies and companies.  The only known federal statutory act specifically designed to protect individuals from collection agencies is the Fair Debt Collection Practices Act (FDCPA).

11.     By claiming the present action is brought pursuant to "federal acts protecting individuals such as the plaintiff from collection agencies and companies," the Plaintiff has put the Defendants on notice of an alleged violation of federal law and, therefore, the existence of a federal question. (Complaint § 26).

12.     According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

13.     When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT & T Corp.*, 138 F.3d 46, 52 (2nd Cir. 1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2nd Cir. 1987) (*stating* "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law"). However, to allege a federal question, the Complaint need not "allege a specific cause of action under a federal statute, so long as a 'right or immunity created by the Constitution or laws of the United States is an element, and essential one, of the [P]laintiff's cause of action." *Howard v. City of Atlanta*, 2007 WL 3169707 (N.D. Ga 2007) (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997)).

14.     "The intent of Congress in drafting the removal statute was 'to obtain the earliest possible removal of the action to the Federal Court after receipt, by the defendant, of notice of the State proceeding, the nature of it, the issues involved

and the parties involved so that, with this information, the defendant can determine the removability of the action.'" *Howard v. City of Atlanta*, 2007 WL 3169707 at *1 (N.D. Ga 2007) (citing *Int'l Equity Corp. v. Pepper & Tanner, Inc.*, 323 F.Supp. 1107, 1109 (E.D. Pa. 1971)).

15.    "The time period for removal begins to run from the date it may first be ascertained that the case is one which is or has become removable." *Howard*, 2007 WL 3169707, at *1. Accordingly, "[d]efendants are not required to guess at removablility." *Id.* (citing *Mendez v. Centroal Garden & Pet Co.*, 307 F. Supp. 2d 1215, 1221 (M.D. Ala. 2003)).

16.    The Complaint clearly states the present action is brought pursuant to federal law. Furthermore, the Complaint references the FDCPA in naming violations by fictitious and unknown defendants. (See Exhibit A).

17.    Because the Complaint alleges claims against Diversified and Great Lakes pursuant to federal law, removal is proper under 28 U.S.C. § 1441(b).

## Removal is Timely

18.    The Plaintiff filed his Complaint on April 7, 2010, which raised a federal question by alleging a violation of the FDCPA.

19.    Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant,

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

20.    Diversified received a copy of the Summons and Complaint on April 12, 2010.  Great Lakes received a copy of the Summons and Complaint on April 19, 2010.

21.    Therefore, this notice is being filed with this Court within thirty (30) days after Diversified and Great Lakes received a copy of the initial Pleadings.

WHEREFORE,   PREMISES   CONSIDERED,   Diversified   Collection Services, Inc. and Great Lakes Higher Education Corporation respectfully requests this Court to enter an order effecting the removal of this action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

DATED this 10th day of May, 2010.

Neal D. Moore, III          (MOO 073)
Larry Young, Jr.            (YOU049)
*Attorneys for Diversified Collection Services, Inc.*
*and Great Lakes Higher Education Corporation.*

{W0258163.1 }

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 – fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 10th day of May 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

       ___X_____mailing the same by first-class United States mail, properly addressed and postage pre-paid

       _____hand delivery

       _____via facsimile

       _____ E-File

Don L. Hall
HALL & TUCKER, LLC
1616 Third Avenue North
Bessemer, Alabama 35020
(205) 425-5711

_____
OF COUNSEL

# EXHIBIT A

ELECTRONICALLY FILED
4/7/2010 10:49 AM
CV-2010-900168.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| CHARLES JENKINS, individually, and as a Representative of a Class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> DIVERSIFIED COLLECTION SERVICES, INC.; GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION; Fictitious Defendants A, B, and C, whether singular or plural, being that individual or entity who is responsible for providing collection services on behalf of the above companies; Fictitious Defendants D, E, and F, whether singular or plural, being those individuals or entities who harassed, coerced, or otherwise contacted Charles Jenkins in relation to the collection of any debt; Fictitious Defendants G, H, and I, whether singular or plural, being those individuals or entities who violated the Fair Debt Collection Practices Act, or committed the other wrongdoing that has made the basis of this lawsuit, whose true names and identities are otherwise unknown, but will be added by amendment when ascertained, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      **CIVIL ACTION NO.:**<br><br>     _____ |

## COMPLAINT

COMES NOW the Plaintiff, CHARLES JENKINS, and files this Complaint against the above-named defendants and all fictitious defendants, and states as follows:

## PARTIES

1.    The Plaintiff Charles Jenkins is over nineteen years of age and is a resident citizen of Jefferson County, Alabama, Bessemer Division.

2.     The Defendant Diversified Collection Services, Inc. (hereinafter "Diversified") is a foreign corporation that does business by agent in the State of Alabama and as part of its business is involved in the collection of debts.

3.     The Defendant Great Lakes Higher Education Guaranty Corporation (hereinafter "Great Lakes") is a foreign corporation that does business by agent in the State of Alabama and as part of its business is involved in providing student loans and is also involved in the collection of debts.

4.     Fictitious Defendants A through I are those individuals or entities responsible for the acts specified in the caption of this Complaint, whose trues names and identifies are otherwise unknown, but will be added by amendment when ascertained.

## FACTS

5.     The plaintiff incorporates by reference each and every averment and allegation contained above.

6.     Charles Jenkins was stationed in Iraq during the first Iraqi War. The plaintiff served his country during George Herbert Walker Bush's term as President in the early 1990s.

7.     Some time in approximately 2008, Mr. Jenkins was contacted by Great Lakes related to a student loan that was evidently borrowed by Mr. Jenkins' niece, Natasha Howard. The applications were made at a time when Mr. Jenkins was serving in the military. Mr. Jenkins informed the defendants that he was not responsible for the loans. He completed a police report, at their instruction, and signed several affidavits (four in total he believes) in which he notified them that he did not sign any application and that his niece or her mother, Luis Howard (who is Mr. Jenkins' sister), had evidently used his social security number to obtain this loan. This police report was prepared on November 7, 2008.

8.     After providing the police report and the affidavit to the defendants, the plaintiff continued to receive letters and phone calls with requests for payments toward this loan. He continued to inform the defendants that he had nothing to do with this loan and was not responsible for paying the loan.

9.     Mr. Jenkins continued to receive requests for payments from the defendants. He would not respond and would ignore them. When he did speak with anyone, he would let them know that he did not owe them anything. In January of 2010, the plaintiff received a letter from Great Lakes which basically accused him of lying in regard to the police report.

10.     In February of 2010, the plaintiff attempted to obtain loans for personal reasons. These loan applications were rejected based in part on the poor credit wrongly reported against the plaintiff by the defendants

## COUNT ONE

## INVASION OF PRIVACY

11.     The plaintiff adopts and incorporates by reference each and every averment and allegation contained above.

12.     The defendants undertook a series of telephone calls and correspondence basically threatening the plaintiff and invading his privacy. Calls and letters have been made or sent to the plaintiff which were extortionate, grossly harassing, unreasonable, and systematic.   These calls and letters were abusive, threatening, intimidating, and unreasonable, especially in light of the plaintiff having a police report prepared and signing several affidavits. Said calls and letters were done contrary to the laws of the State of Alabama, and violated the plaintiff's rights and privacy.

13.     As a proximate consequence of these calls, letters and threats, which were an intentional infliction of emotional distress, grossly negligent, negligent, wanton, willful, and intentionally undertaken, knowing that the same were designed to frighten, extort, threaten, abuse, coerce, harass, and create great mental and physical pain and damage to the plaintiff. The plaintiff did suffer from mental anguish, physical anguish, chagrin and embarrassment. The plaintiff was caused great inconvenience, loss of sleep, made scared, weak, and suffered from physical symptoms because of these harassing calls.

14.    All of said defendants were agents of the named defendants in this Complaint.  All of these individuals who made these calls and sent these letters acted as agents on behalf of the named defendants. The defendants have repeatedly refused to comport and comply with the laws of the State of Alabama and undertook to and did invade the privacy of the plaintiff by seeking to extort, threaten, harass, and frighten the plaintiff. These threatening and harassing calls were done systematically and repeatedly and invaded the privacy of the plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, in an amount not in excess of $74,900.00, including interest and costs.

## COUNT TWO

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15.    The plaintiff adopts and incorporates by reference each and every averment and allegation contained above.

16.    Due to the nature of the conduct of the defendants and the invasion of the right of his privacy, and also due to the fact that the calls were made repeatedly, although information was available to the defendants that would indicate that such actions should not be taken, the defendants continued in a willful and intentional manner to harass and invade the privacy of the plaintiff.  Such action on the part of the defendants was designed to abuse and coerce the plaintiff. This abuse and coercion caused great mental and physical pain and damage to the plaintiff. The plaintiff was also caused to suffer great inconvenience, embarrassment, mental anguish, loss of sleep, and was caused to suffer fear and fright.

17.    The defendants have repeatedly refused to comply with the laws of the State of Alabama and undertook to invade the privacy of the plaintiff repeatedly, systematically, and in a harassing manner. The defendants, both named and fictitiously described, have

intentionally inflicted emotional distress and injury on the plaintiff, knowing of his situation and knowing that the plaintiff never agreed to pay toward any student loan.

18.    As a proximate consequence of the intentional infliction of emotional distress, the plaintiff was caused to suffer great pain and mental anguish, fear, fright, and sickness as a result of the actions of the defendants. Because of the nature of the action of the defendants, the plaintiff is entitled to punitive damages for the manner in which the defendants treated the plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, for compensatory and punitive damages not to exceed $74,900.00, as determined by a jury.

## COUNT THREE

### EXTORTION AND BLACKMAIL

19.    The plaintiff incorporates by reference each and every averment and allegation contained above.

20.    The defendants, separately and severally, undertook to extort sums of money from the plaintiff and blackmailed the plaintiff by threatening him with various actions. Said defendants threatened the plaintiff even though they knew he disputed the loan and knew that he considered the loan to be that of his niece and not his.  The conduct of the defendants in the manner in which they communicated with the plaintiff were in violation of Alabama law and frightened, intimidated, coerced, and abused the plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, in the sum of $74,900.00 for compensatory and punitive damages, plus interest and costs not to exceed the above amount.

## COUNT FOUR

## MISREPRESENTATION/FRAUD

_____21.    Plaintiff incorporates by reference each and every averment and allegation contained above.

_____22.    The defendants, by and through its agents, misrepresented material facts to which the plaintiff relief upon to his detriment. The plaintiff complied with the defendants request for a police report and for an affidavit. He signed four (4) affidavits indicating that the loan application was not his signature. In reliance on these misrepresentations, the plaintiff cooperated in providing this information to the defendants and spent his time and effort to provide this information to them. The plaintiff was led to believe that his signing the affidavits and completing the police reports, he would not suffer any more harassing or humiliating telephone calls or letters from the defendants.

23.    The plaintiff incurred costs in connection with sending this information to the defendants. He also had a loss of use of his time in having to provide all of this information to the defendants, and in obtaining various documents related to the requests made by the defendants. In reliance on the representations of the defendants, the plaintiff also depended on the fact that his credit would stay in good condition and would not be affected by a loan that was not his. The actions of the defendants amount to deceit by the manner in which they misinformed and misrepresented facts to the plaintiff.

24.    In reliance on this, Charles Jenkins sent the information requested of him to the defendants, yet continued to suffer humiliating, embarrassing, and rude letters and telephone calls. He obtained the services of an attorney and suffered expenses and costs connected with his obtaining an attorney to represent him in this interest.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, for compensatory and punitive damages, plus interest and costs, not to exceed $74,900.00.

## COUNT FIVE

## DEBT COLLECTION PRACTICES VIOLATION AND DEFAMATION

25.     The plaintiff incorporates by reference each and every averment and allegation contained above.

26.     The plaintiff brings this action pursuant to state and federal acts protecting individuals such as the plaintiff from collection agencies and companies.

27.     The defendants, both named and fictitiously described, violated the requirements of a collection company. It did this by contacting the plaintiff, Charles Jenkins, even though they knew he was not obligated for the debt of his niece or her mother. The defendants also violated the statute by repeatedly harassing and communicating with the plaintiff when they were well aware that he was not going to pay any debt and denied that he was responsible for the debt. The collection efforts of the defendants were done so by unfair and unconscionable means. The actions of the defendants were false, deceptive, misleading, unfair, and harassing.

28.     As a result of the actions of the defendants, the plaintiff has suffered in the form of loss of credit and has suffered injuries and damages to his personal financial situation.  He has suffered from defamation by reports made by the defendants to various services regarding the credit of Charles Jenkins. The plaintiff has also suffered from humiliation, embarrassment; has suffered physical and mental anguish as a result of the actions of the defendants, and is entitled to the appropriate damages because of the activity of the defendants and their continued harassment.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, for punitive and compensatory damages not to exceed $74,900.00, including interest and costs.

Respectfully Submitted,


**/s/Don L. Hall** (HAL047)
Attorney for Plaintiff, Charles Jenkins

**OF COUNSEL:**

*Hall & Tucker, LLC*
1616 Third Avenue North
Bessemer, AL 35020
(205) 425-5711

**Please serve defendants by Certified Mail at**:

**GREAT LAKES HIGHER EDUCATION**
**GUARANTY CORPORATION**
**c/o Paul J. Thornburgh**
**2401 International Lane**
**Madison, WI 53704**

**DIVERSIFIED COLLECTION SERVICES, INC.**
**c/o CT CORPORATION SYSTEM**
**818 West Seventh Street**
**Los Angeles, CA 90017**

**PLAINTIFF's ADDRESS:**
228 Gloria Road
Bessemer, AL 35022-4549

# EXHIBIT B



Support Forums | LogOff

Company Name: FERGUSON FROST & DODSON    User ID: AMY    Last login Date: 5/10/2010 Time: 9:59 AM

: Main Menu    | View Case Summary    | Monitor Case    | Print Case Action Summary    | View Images    | Print Case

| | |
|---|---|
| County: | Judge: |
| 68-JEFFERSON - BESSEMER Case Number: CV-2010-900168.00 | ERV:HON.  Trial EUGENE R.  Type: Bench VERIN |

**Search**
- Party Search
- Case Lookup
- UTC Lookup
- SSN Enforcement
- Attorney Search
- Warrant Search
- Witness Search
- Docket Search
- HotSheet™

**Tracking**
- Attorney Tracker
- Case Monitor
- Name Tracker
- Reminders

**Desktop**
- My Alacourt
- My Attorney

**Administration**
- Update User Info

Style: **CHARLES JENKINS V. GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION E**    Filed: **04/07/2010**    Status: **A:ACTIVE**

Type: **BAD FAITH/FRAUD/MISR**    Court Action:    Track:

Case    Settings    Parties    Consolidated Case Action Summary    Images    Witness List    Financial

Motions    Entire Case

### Consolidated Case Action Summary

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 04/07/2010 | 10:49:21 | EFILE | COMPLAINT E-FILED. | HAL047 |
| 04/07/2010 | 10:50:12 | FILE | FILED THIS DATE: 04/07/2010 (AV01) | AJA |
| 04/07/2010 | 10:50:13 | ASSJ | ASSIGNED TO JUDGE: HON. EUGENE R. VERIN (AV01) | AJA |
| 04/07/2010 | 10:50:14 | EORD | E-ORDER FLAG SET TO "N" (AV01) | AJA |
| 04/07/2010 | 10:50:15 | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 04/07/2010 | 10:50:16 | TDMN | BENCH/NON-JURY TRIAL REQUESTED (AV01) | AJA |
| 04/07/2010 | 10:50:17 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 04/07/2010 | 10:50:18 | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 04/07/2010 | 10:50:19 | C001 | C001 PARTY ADDED: JENKINS CHARLES (AV02) | AJA |
| 04/07/2010 | 10:50:20 | ATTY | LISTED AS ATTORNEY FOR C001: HALL DON LEE (AV02) | AJA |
| 04/07/2010 | 10:50:21 | EORD | C001 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 04/07/2010 | 10:50:28 | D001 | D001 PARTY ADDED: GREAT LAKES HIGHER EDUCATION GUA | AJA |
| 04/07/2010 | 10:50:29 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 04/07/2010 | 10:50:30 | SUMM | CERTIFIED MAI ISSUED: 04/07/2010 TO D001 (AV02) | AJA |
| 04/07/2010 | 10:50:31 | EORD | D001 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 04/07/2010 | 10:50:34 | D002 | D002 PARTY ADDED: DIVERSIFIED COLLECTION SERVICES, | AJA |
| 04/07/2010 | 10:50:35 | SUMM | CERTIFIED MAI ISSUED: 04/07/2010 TO D002 (AV02) | AJA |
| 04/07/2010 | 10:50:36 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 04/07/2010 | 10:50:37 | EORD | D002 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 04/07/2010 | 10:52:45 | EFILE | COMPLAINT - SUMMONS | |
| 04/07/2010 | 14:32:41 | ---- | SCANNED - SUMMONS ISSUED - JENKINS CHARLES | |
| 04/13/2010 | 09:07:47 | ESERC | SERVICE RETURN - TRANSMITTAL | |

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**68-CV-201**<br>Date of Filing:<br>04/07/2010 | ELECTRONICALLY FILED<br>4/7/2010 10:49 AM<br>CV-2010-900168.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>BENNY R. WATSON, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### CHARLES JENKINS v. GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other   ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
Appeal/Enforcement of Agency Subpoena/Petition to
Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND-  Equity Non-Damages Actions/Declaratory
Judgment/Injunction Election Contest/Quiet Title/Sale For
Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**    A ☐ **APPEAL FROM**   O ☐ **OTHER**
 **DISTRICT COURT**

  R ☐ **REMANDED**    T ☐ **TRANSFERRED FROM**   _____
 **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ Yes  ☑ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   HAL047    4/7/2010 10:47:48 AM   /s DON LEE HALL

**MEDIATION REQUESTED:**   ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
4/7/2010 10:49 AM
CV-2010-900168.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

CHARLES JENKINS, individually,   )
and as a Representative of a Class   )
of similarly situated individuals,   )
   )
     Plaintiffs,   )
   )
v.   )     CIVIL ACTION NO.:
   )
DIVERSIFIED COLLECTION   )   _____
SERVICES, INC.; GREAT LAKES   )
HIGHER EDUCATION GUARANTY   )
CORPORATION; Fictitious   )
Defendants A, B, and   )
C, whether singular or plural, being   )
that individual or entity who is   )
responsible for providing collection   )
services on behalf of the above   )
companies; Fictitious Defendants   )
D, E, and F, whether singular or   )
plural, being those individuals or   )
entities who harassed, coerced,   )
or otherwise contacted Charles   )
Jenkins in relation to the collection of   )
any debt; Fictitious Defendants G, H,   )
and I, whether singular or plural,   )
being those individuals or entities   )
who violated the Fair Debt Collection   )
Practices Act, or committed the   )
other wrongdoing that has made the   )
basis of this lawsuit, whose true   )
names and identities are otherwise   )
unknown, but will be added by   )
amendment when ascertained,   )
   )
     Defendants.   )

## COMPLAINT

     COMES NOW the Plaintiff, CHARLES JENKINS, and files this Complaint against

the above-named defendants and all fictitious defendants, and states as follows:

## PARTIES

     1.     The Plaintiff Charles Jenkins is over nineteen years of age and is a resident

citizen of Jefferson County, Alabama, Bessemer Division.

2.      The Defendant Diversified Collection Services, Inc. (hereinafter "Diversified") is a foreign corporation that does business by agent in the State of Alabama and as part of its business is involved in the collection of debts.

3.      The Defendant Great Lakes Higher Education Guaranty Corporation (hereinafter "Great Lakes") is a foreign corporation that does business by agent in the State of Alabama and as part of its business is involved in providing student loans and is also involved in the collection of debts.

4.      Fictitious Defendants A through I are those individuals or entities responsible for the acts specified in the caption of this Complaint, whose trues names and identifies are otherwise unknown, but will be added by amendment when ascertained.

## FACTS

_____5.      The plaintiff incorporates by reference each and every averment and allegation contained above.

6.      Charles Jenkins was stationed in Iraq during the first Iraqi War. The plaintiff served his country during George Herbert Walker Bush's term as President in the early 1990s.

7.      Some time in approximately 2008, Mr. Jenkins was contacted by Great Lakes related to a student loan that was evidently borrowed by Mr. Jenkins' niece, Natasha Howard. The applications were made at a time when Mr. Jenkins was serving in the military. Mr. Jenkins informed the defendants that he was not responsible for the loans. He completed a police report, at their instruction, and signed several affidavits (four in total he believes) in which he notified them that he did not sign any application and that his niece or her mother, Luis Howard (who is Mr. Jenkins' sister), had evidently used his social security number to obtain this loan. This police report was prepared on November 7, 2008.

8.      After providing the police report and the affidavit to the defendants, the plaintiff continued to receive letters and phone calls with requests for payments toward this loan. He continued to inform the defendants that he had nothing to do with this loan and was not responsible for paying the loan.

9.     Mr. Jenkins continued to receive requests for payments from the defendants. He would not respond and would ignore them. When he did speak with anyone, he would let them know that he did not owe them anything. In January of 2010, the plaintiff received a letter from Great Lakes which basically accused him of lying in regard to the police report.

10.     In February of 2010, the plaintiff attempted to obtain loans for personal reasons. These loan applications were rejected based in part on the poor credit wrongly reported against the plaintiff by the defendants

## COUNT ONE

## INVASION OF PRIVACY

11.     The plaintiff adopts and incorporates by reference each and every averment and allegation contained above.

12.     The defendants undertook a series of telephone calls and correspondence basically threatening the plaintiff and invading his privacy. Calls and letters have been made or sent to the plaintiff which were extortionate, grossly harassing, unreasonable, and systematic.    These calls and letters were abusive, threatening, intimidating, and unreasonable, especially in light of the plaintiff having a police report prepared and signing several affidavits. Said calls and letters were done contrary to the laws of the State of Alabama, and violated the plaintiff's rights and privacy.

13.     As a proximate consequence of these calls, letters and threats, which were an intentional infliction of emotional distress, grossly negligent, negligent, wanton, willful, and intentionally undertaken, knowing that the same were designed to frighten, extort, threaten, abuse, coerce, harass, and create great mental and physical pain and damage to the plaintiff. The plaintiff did suffer from mental anguish, physical anguish, chagrin and embarrassment. The plaintiff was caused great inconvenience, loss of sleep, made scared, weak, and suffered from physical symptoms because of these harassing calls.

14.    All of said defendants were agents of the named defendants in this Complaint. All of these individuals who made these calls and sent these letters acted as agents on behalf of the named defendants. The defendants have repeatedly refused to comport and comply with the laws of the State of Alabama and undertook to and did invade the privacy of the plaintiff by seeking to extort, threaten, harass, and frighten the plaintiff. These threatening and harassing calls were done systematically and repeatedly and invaded the privacy of the plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, in an amount not in excess of $74,900.00, including interest and costs.

## COUNT TWO

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15.    The plaintiff adopts and incorporates by reference each and every averment and allegation contained above.

16.    Due to the nature of the conduct of the defendants and the invasion of the right of his privacy, and also due to the fact that the calls were made repeatedly, although information was available to the defendants that would indicate that such actions should not be taken, the defendants continued in a willful and intentional manner to harass and invade the privacy of the plaintiff. Such action on the part of the defendants was designed to abuse and coerce the plaintiff. This abuse and coercion caused great mental and physical pain and damage to the plaintiff. The plaintiff was also caused to suffer great inconvenience, embarrassment, mental anguish, loss of sleep, and was caused to suffer fear and fright.

17.    The defendants have repeatedly refused to comply with the laws of the State of Alabama and undertook to invade the privacy of the plaintiff repeatedly, systematically, and in a harassing manner. The defendants, both named and fictitiously described, have

intentionally inflicted emotional distress and injury on the plaintiff, knowing of his situation and knowing that the plaintiff never agreed to pay toward any student loan.

18.     As a proximate consequence of the intentional infliction of emotional distress, the plaintiff was caused to suffer great pain and mental anguish, fear, fright, and sickness as a result of the actions of the defendants. Because of the nature of the action of the defendants, the plaintiff is entitled to punitive damages for the manner in which the defendants treated the plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, for compensatory and punitive damages not to exceed $74,900.00, as determined by a jury.

**COUNT THREE**

**EXTORTION AND BLACKMAIL**

19.     The plaintiff incorporates by reference each and every averment and allegation contained above.

20.     The defendants, separately and severally, undertook to extort sums of money from the plaintiff and blackmailed the plaintiff by threatening him with various actions. Said defendants threatened the plaintiff even though they knew he disputed the loan and knew that he considered the loan to be that of his niece and not his. The conduct of the defendants in the manner in which they communicated with the plaintiff were in violation of Alabama law and frightened, intimidated, coerced, and abused the plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, in the sum of $74,900.00 for compensatory and punitive damages, plus interest and costs not to exceed the above amount.

## COUNT FOUR

## MISREPRESENTATION/FRAUD

_____21.    Plaintiff incorporates by reference each and every averment and allegation contained above.

_____22.    The defendants, by and through its agents, misrepresented material facts to which the plaintiff relief upon to his detriment. The plaintiff complied with the defendants request for a police report and for an affidavit. He signed four (4) affidavits indicating that the loan application was not his signature. In reliance on these misrepresentations, the plaintiff cooperated in providing this information to the defendants and spent his time and effort to provide this information to them. The plaintiff was led to believe that his signing the affidavits and completing the police reports, he would not suffer any more harassing or humiliating telephone calls or letters from the defendants.

23.    The plaintiff incurred costs in connection with sending this information to the defendants. He also had a loss of use of his time in having to provide all of this information to the defendants, and in obtaining various documents related to the requests made by the defendants. In reliance on the representations of the defendants, the plaintiff also depended on the fact that his credit would stay in good condition and would not be affected by a loan that was not his. The actions of the defendants amount to deceit by the manner in which they misinformed and misrepresented facts to the plaintiff.

24.    In reliance on this, Charles Jenkins sent the information requested of him to the defendants, yet continued to suffer humiliating, embarrassing, and rude letters and telephone calls. He obtained the services of an attorney and suffered expenses and costs connected with his obtaining an attorney to represent him in this interest.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, for compensatory and punitive damages, plus interest and costs, not to exceed $74,900.00.

## COUNT FIVE

## DEBT COLLECTION PRACTICES VIOLATION AND DEFAMATION

25.    The plaintiff incorporates by reference each and every averment and allegation contained above.

26.    The plaintiff brings this action pursuant to state and federal acts protecting individuals such as the plaintiff from collection agencies and companies.

27.    The defendants, both named and fictitiously described, violated the requirements of a collection company. It did this by contacting the plaintiff, Charles Jenkins, even though they knew he was not obligated for the debt of his niece or her mother. The defendants also violated the statute by repeatedly harassing and communicating with the plaintiff when they were well aware that he was not going to pay any debt and denied that he was responsible for the debt. The collection efforts of the defendants were done so by unfair and unconscionable means. The actions of the defendants were false, deceptive, misleading, unfair, and harassing.

28.    As a result of the actions of the defendants, the plaintiff has suffered in the form of loss of credit and has suffered injuries and damages to his personal financial situation. He has suffered from defamation by reports made by the defendants to various services regarding the credit of Charles Jenkins. The plaintiff has also suffered from humiliation, embarrassment; has suffered physical and mental anguish as a result of the actions of the defendants, and is entitled to the appropriate damages because of the activity of the defendants and their continued harassment.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against the defendants, both named and fictitiously described, for punitive and compensatory damages not to exceed $74,900.00, including interest and costs.

Respectfully Submitted,


/s/**Don L. Hall** (HAL047)
Attorney for Plaintiff, Charles Jenkins

**OF COUNSEL:**

*Hall & Tucker, LLC*
1616 Third Avenue North
Bessemer, AL 35020
(205) 425-5711

**Please serve defendants by Certified Mail at:**

**GREAT LAKES HIGHER EDUCATION
GUARANTY CORPORATION
c/o Paul J. Thornburgh
2401 International Lane
Madison, WI 53704**

**DIVERSIFIED COLLECTION SERVICES, INC.
c/o CT CORPORATION SYSTEM
818 West Seventh Street
Los Angeles, CA 90017**

**PLAINTIFF's ADDRESS:**
228 Gloria Road
Bessemer, AL 35022-4549

ELECTRONICALLY FILED
4/7/2010 10:49 AM
CV-2010-900168.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | |
|---|---|
| CHARLES JENKINS, individually, and as a Representative of a Class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> DIVERSIFIED COLLECTION SERVICES, INC.; GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION; Fictitious Defendants A, B, and C, whether singular or plural, being that individual or entity who is responsible for providing collection services on behalf of the above companies; Fictitious Defendants D, E, and F, whether singular or plural, being those individuals or entities who harassed, coerced, or otherwise contacted Charles Jenkins in relation to the collection of any debt; Fictitious Defendants G, H, and I, whether singular or plural, being those individuals or entities who violated the Fair Debt Collection Practices Act, or committed the other wrongdoing that has made the basis of this lawsuit, whose true names and identities are otherwise unknown, but will be added by amendment when ascertained, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br><br> **CIVIL ACTION NO.:** <br><br> _____ |

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION TO DEFENDANTS

COMES NOW the Plaintiff, CHARLES JENKINS, and requests the defendants,

separately and severally, to produce for inspection and copying and to answer the

Interrogatories within the time provided by the Alabama Rules of Civil Procedure. The plaintiff requests the following documents and and asks the following interrogatories:

1.      Please produce the plaintiff's file, and any and all documents, including but not limited to, the original file, original file folder, all computer records, computer printouts, all memoranda, contracts, applications, statements, letters, notations, reports, reports of telephone conversations, records of all calls, ledger cards, account cards, or other written memoranda, all communications, tape recordings, electronic recordings, transcripts of all tape recordings, in defendant's file relating to an alleged account of plaintiff.

2.      Please produce any and all collection manuals, all written procedural instructions and regulations regarding collection activities, all documents, records, books and manuals pertaining to collection procedures and practices utilized by the defendant.

3.      Please produce a list of each and every person who spoke with, called or contacted, or was called with reference to the plaintiff, including their names, all assumed names or aliases, addresses, and home and business telephone numbers, the dates they called, the reasons for such call or contact, and what specifically they said to plaintiff.  State the entire, full and total conversation.

4.      Please produce any and all computer programs, manuals, programming guides, programming instructions, or other guides implemented by the defendants concerning, relating, or pertaining to collection procedures implemented by the defendants with respect to the computers used in the collection process.

5.      Please produce all documents, records, form letters, samples of form letters, and memoranda evidencing or relating to any and all training materials for collectors, including pamphlets, brochures, texts, manuals, and any other documents or things used in the training, monitoring, and supervision of telephone collection personnel.

6.      State whether or not you or any agent, servant, or employee has telephoned plaintiff at any time. Please also include in your answer the following:

        (a)   the date and time of each call;
        (b)   the nature of each call or calls;
        (c)   the conversation in detail, by and between your agent, servant, or employee and the plaintiff; and
        (d)   state the name and any assumed name and employment of each person making such call or calls, and the purpose of such call.

7.      State whether you or your agent, servant, or employee has called the plaintiff's neighbors, relatives, or employee at any time in connection with an alleged account or for any other reason.  Please include in your answer the following:

        (a)   the name of each person making the call or calls, the purpose of each call, and the details of what was said between the agent, servant, or employee to plaintiff's neighbors, relatives, or employer.

8.     Identify the employees of defendant who had any contact whatsoever with the plaintiff.  Please also state in your answer the following:

    (a)     state everything said in detail by all parties involved in the contact and the dates of same.  Specially, any employees who called the plaintiff or directed any written communication to plaintiff.

9.     State in detail collection activities, including: collection procedures, collection rules and regulations, training of personnel with reference to collection procedures, implementation of procedures, and rules and regulations contained in any collection procedure manuals.

10.     All correspondence, letters, contracts or other records in your possession involving the plaintiff or the other parties named in this lawsuit.

11.     State the name, address, and title of that person or those persons involved in answering these interrogatories or providing any documents pursuant to this request.

12.     Produce any reports, evaluations, notes or other records that you relied upon to determine that the plaintiff did sign the application.

13.     Did you have a handwriting expert evaluate the signatures provided to you by the plaintiff? If so, please provide all information prepared by said expert and all other information on said expert such as his or her qualifications, including all Ala. R. Civ. P. 29 information.

14.     Describe all communication or information you have provided to credit reporting agencies on behalf of the plaintiff including the content of said information and said information was provided.

15.     Do you realize you are under oath to answer these interrogatories truthfully?


Respectfully Submitted,


/s/Don L. Hall (HAL047)
Attorney for Plaintiff
CHARLES JENKINS

**OF COUNSEL:**

*Hall & Tucker, LLC*
1616 Third Avenue North
Bessemer, AL 35020
(205) 425-5711

# PLEASE SERVE WITH SUMMONS AND COMPLAINT

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>68-CV-2010-900168.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## CHARLES JENKINS v. GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION ET AL

**NOTICE TO** GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION, C/O PAUL J. THORNBURGH 2401 INTERNATIONAL LANE, MADISON, WI 53704

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DON LEE HALL

WHOSE ADDRESS IS 1616 THIRD AVENUE NORTH, BESSEMER, AL 35020

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CHARLES JENKINS
   pursuant to the Alabama Rules of the Civil Procedure

| 4/7/2010 10:49:21 AM | /s BENNY R. WATSON | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s DON LEE HALL

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                    Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>68-CV-2010-900168.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### CHARLES JENKINS v. GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION ET AL

NOTICE TO  DIVERSIFIED COLLECTION SERVICES, INC., C/O CT CORPORATION SYSTEM 818 WEST SEVENTH STREET, LOS ANGELES, CA 90017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DON LEE HALL

WHOSE ADDRESS IS 1616 THIRD AVENUE NORTH, BESSEMER, AL 35020

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CHARLES JENKINS
   pursuant to the Alabama Rules of the Civil Procedure

| 4/7/2010 10:49:21 AM | /s BENNY R. WATSON | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s DON LEE HALL

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____ in _____ County, Alabama on _____

_____
Date

_____
Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>68-CV-2010-900168.00 |
| --- | --- | --- |

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA

### CHARLES JENKINS v. GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION ET AL

NOTICE TO  GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION, C/O PAUL J. THORNBURGH 2401 INTERNATIONAL LANE, MADISON, WI 53704

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DON LEE HALL

WHOSE ADDRESS IS 1616 THIRD AVENUE NORTH, BESSEMER, AL 35020

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  CHARLES JENKINS
   pursuant to the Alabama Rules of the Civil Procedure

| 4/7/2010 10:49:21 AM | /s BENNY R. WATSON | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s DON LEE HALL |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____

_____          _____
Date          Server's Signature

**68-CV-2010**

CHARLES JENKINS v. GREAT LAKES HIGHER

C001 - CHARLES JENKINS          v.
**Plaintiff**

68-CV-2010-900168.00 D001

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ .78 | Cv 10-900168 |
| --- | --- | --- |
| Certified Fee | 2.80 | Dari |
| Return Receipt Fee<br>(Endorsement Required) | 2.30 | Postmark<br>Here |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ 5.88 | |

Sent To Great Lakes Education
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

7009 2250 0001 1403 4406

PS Form 3800, August 2006          See Reverse for Instructions

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -**<br>*900V* | **Case Number:**<br>68-CV-2010-900168.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA

### CHARLES JENKINS v. GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION ET AL

NOTICE TO   DIVERSIFIED COLLECTION SERVICES, INC., C/O CT CORPORATION SYSTEM 818 WEST SEVENTH STREET, LOS ANGELES, CA 90017

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DON LEE HALL

WHOSE ADDRESS IS 1616 THIRD AVENUE NORTH, BESSEMER, AL 35020

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CHARLES JENKINS
   pursuant to the Alabama Rules of the Civil Procedure

| 4/7/2010 10:49:21 AM | /s BENNY R. WATSON | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s DON LEE HALL

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____

_____

| Date | Server's Signature |
| --- | --- |

**U.S. Postal Service ™**
**CERTIFIED MAIL ™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com ®

OFFICIAL USE

| | | CV10-900168 900V |
| --- | --- | --- |
| Postage | $ .78 | |
| Certified Fee | 2.80 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 2.30 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.88 | |

**68-CV-201...**
CHARLES JENKINS v. GREAT LAKES HIGHE...

Sent To   Diversified Collection Services

Street, Apt. No.; or PO Box No. _____

City, State, ZIP+4 _____

C001 - CHARLES JENKINS                          v.
Plaintiff

PS Form 3800, August 2006                          See Reverse for Instructions

68-CV-2010-900168.00 D002

**SERVICE RETURN COPY**



**AlaFile E-Notice**

68-CV-2010-900168.00

Judge: HON. EUGENE R. VERIN

To:  HALL DON LEE
donhall@bessemerlawyers.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**CHARLES JENKINS V. GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION E
68-CV-2010-900168.00**

The following matter was served on 4/12/2010

**D002 DIVERSIFIED COLLECTION SERVICES, INC.**

**CERTIFIED MAIL**

**BENNY R. WATSON**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
1801 3RD AVENUE NORTH
BESSEMER, AL 35020

205-481-4165
benny.watson@alacourt.gov

Starlyta
Mendoza
vs.
MCA Entertainment
LLC

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  _Rickey Reeves_  □ Agent □ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery<br>**FILED IN OFFICE**<br>D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:  □ No<br>APR 1 3 2010<br>CIRCUIT CLERK<br>BESSEMER DIVISION<br>JEFFERSON COUNTY, ALABAMA |
| 1. Article Addressed to: W10-900168<br>Doo2<br>Diversified Collection<br>Services<br>Co CT Corporation System<br>818 West 7th St.<br>Los Angeles, Ca.<br>90017 | 3. Service Type<br>☑ Certified Mail  □ Express Mail<br>□ Registered  □ Return Receipt for Merchandise<br>□ Insured Mail  □ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  □ Yes |
| 2. Article Number<br>(Transfer from service label)  7009 2250 0001 1403 4813 | |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

FILED IN OFFICE
APR 19 2010
CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

1. Article Addressed to: CV10-900168

Great Lakes Higher
Education Guaranty
Corp.
To Paul J. Thornburgh
2401 International Ln.
Madison, WI 53704

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 2250 0001 1403 4806

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CN10-9001860001 ﹚

Jennifer Mauldin
730 Castlewood Dr.
Bessemer, Al. 35020

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Jennifer Mauldin_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Jennifer Mauldin   4-18-10

FILED IN OFFICE

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

APR 19 2010

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON CO., ALABAMA

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
(Transfer from service label)   7009 2250 0001 1403 4769

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**AlaFile E-Notice**

68-CV-2010-900168.00

Judge: HON. EUGENE R. VERIN

To: HALL DON LEE
donhall@bessemerlawyers.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHARLES JENKINS V. GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION E
68-CV-2010-900168.00

The following matter was served on 4/19/2010

D001 GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION

CERTIFIED MAIL

**BENNY R. WATSON**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
1801 3RD AVENUE NORTH
BESSEMER, AL 35020

205-481-4165
benny.watson@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV10-900190
Door 8

M-Group LLC
2045 Grove Pkwy
Birmingham, AL
35243

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
DYANNA MACROW   4/19/10

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

FILED IN OFFICE

APR 19 2010

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 2250 0001 1403 0693

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT C

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA, BESSEMER DIVISION

| | | |
|---|---|---|
| **CHARLES JENKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No: CV-2010-9000168.00** |
| | ) | |
| | ) | |
| | ) | |
| **DIVERSIFIED COLLECTION** | ) | |
| **SERVICES, INC.; GREAT LAKES** | ) | |
| **HIGHER EDUCATION** | ) | |
| **GUARANTY CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE TO CIRCUIT CLERK AND PLAINTIFF OF FILING NOTICE OF REMOVAL

TO:   Mr. Earl N. Carter, Jr., Clerk
Jefferson County Circuit Court
Bessemer Courthouse
1801 3rd Avenue North
Bessemer, Alabama 35020

Don L. Hall
HALL & TUCKER, LLC
1616 Third Avenue North
Bessemer, Alabama 35020
(205) 425-5711

**YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to

the United States District Court for the Northern District of Alabama, Southern

Division, in the case of *Charles Jenkins v. Diversified Collection Services, Inc and*

*Great Lakes Higher Education Guaranty Corporation*, Civil Action No. 2010-9000168.00, in the Circuit Court of Jefferson County, Alabama, Bessemer Division, in accordance with the provisions of 28 U.S.C. § 1446.  A copy of the Notice of Removal is attached hereto as Exhibit 1.


DATED this 10th day of May, 2010.

Neal D. Moore, III,
Larry Young, Jr.
*Attorneys for Diversified Collection Services, Inc. and Great Lakes Higher Education Corporation.*

## CERTIFICATE OF SERVICE

This is to certify that on this the 10th day of May 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

_____mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____hand delivery

_____via facsimile

_____X_____ E-File

Don L. Hall
HALL & TUCKER, LLC
1616 Third Avenue North
Bessemer, Alabama 35020
(205) 425-5711

_____
OF COUNSEL

{W0238193.1}