FILED
2010 May-17 PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES JENKINS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) **CASE NUMBER: CV-10-B-1212** |
| | ) |
| **DIVERSIFIED COLLECTION** | ) |
| **SERVICES, INC.; GREAT LAKES** | ) |
| **HIGHER EDUCATION** | ) |
| **GUARANTY CORPORATION,** | ) |
| | ) |
| | ) |
| | ) |
|     **Defendants.** | ) |

## ANSWER

COMES NOW the defendant, Great Lakes Higher Education Guaranty Corporation, and responds to the Complaint in this matter as follows:

### Parties:

1. The defendant has insufficient information to admit or deny this averment.

2. The defendant has insufficient information to admit or deny this averment.

3. The defendant admits it is a foreign corporation that, as part of its business, provides student loans.  The defendant denies it is involved in the collection of debts per the FDCPA. .

4. This averment does not call for an admission or a denial.

**Facts:**

5. The defendant reincorporates its previous answers as if fully set out herein.

6. The defendant has insufficient information to admit or deny this averment.

7. The defendant admits contacting the plaintiff about a student loan for the benefit of Natasha Howard in which Mr. Jenkins was the borrower. The defendant admits, at a certain point, Mr. Jenkins denied being the responsible party for the loan. The defendant admits Mr. Jenkins prepared a police report and a fraud affidavit. The remainder of this averment is denied.

8. The defendant admits continuing to contact the plaintiff in regards to the student loan. The defendant admits, at times, the plaintiff denied responsibility for the loan.

9. The defendant admits Mr. Jenkins did not respond to efforts to collect the loan. The defendant denies the remainder of this averment.

10. Denied.

**Count One**
**Invasion of Privacy**

11. The defendant reincorporates by reference its prior answers as if fully set out herein.

12. Denied.

13. Denied.

14. Denied.

As to the unnumbered paragraph following Paragraph 14, the defendant denies the plaintiff is entitled to any judgment against it whatsoever, but admits the plaintiff is not seeking an amount in excess of $74,900.00.

## Count Two
## Intentional Infliction of Emotional Distress

15. The defendant reincorporates by reference its prior answers as if fully set out herein.

16. Denied.

17. Denied.

18. Denied.

As to the unnumbered paragraph following Paragraph 18, the defendant denies the plaintiff is entitled to any judgment against it whatsoever, but admits the plaintiff is not seeking an amount in excess of $74,900.00.

## Count Three
## Extortion and Blackmail

19. The defendant reincorporates by reference its prior answers as if fully set out herein.

20. Denied.

As to the unnumbered paragraph following Paragraph 20, the defendant denies the plaintiff is entitled to any judgment against it whatsoever, but admits the plaintiff is not seeking an amount in excess of $74,900.00.

## Count Four
## Misrepresentation/Fraud

21. The defendant reincorporates by reference its prior answers as if fully set out herein.

22. Denied.

23. Denied.

24. Denied.

As to the unnumbered paragraph following Paragraph 24, the defendant denies the plaintiff is entitled to any judgment against it whatsoever, but admits the plaintiff is not seeking an amount in excess of $74,900.00.

## Count Five
## Debt Collection Practices Violation and Defamation

25. The defendant reincorporates by reference its previous answers as if fully set out herein.

26. The defendant admits the plaintiff was seeking to recover pursuant to the Fair Debt Collection Practices Act but the defendant denies any violation of the Fair Debt Collection Practices Act.

27. Denied.

28. Denied.

As to the unnumbered paragraph following Paragraph 28, the defendant denies the plaintiff is entitled to any judgment against it whatsoever, but admits the plaintiff is not seeking an amount in excess of $74,900.00.

## Affirmative Defenses

1. The defendant pleads the general issue.

2. The defendant pleads not guilty.

3. The defendant pleads the Complaint fails to state a claim or cause of action upon which relief can be granted.

4. The defendant pleads the plaintiff has failed to mitigate damages in accordance with Alabama law.

5. The defendant pleads the applicable statute of limitations.

6. The defendant pleads that some or all of the claims asserted are preempted by applicable Federal law, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

7. The defendant pleads the defense of truth.

8. The defendant pleads the defense of privilege, absolute privilege, conditional privilege, or qualified privilege.

9. The defendant pleads lack of reasonable reliance.

10. The defendant, to avoid waiver, pleads contributory negligence.

11. The defendant pleads litigation immunity and litigation privilege.

12. The defendant pleads some or all of the claims may be due to be resolved through binding arbitration.

13. The defendant pleads lack of causation.

14. The defendant pleads estoppels and waiver.

15. The defendant pleads it acted at all times in good faith reliance on information provided to it.

16. The defendant pleads the affirmative defense of ratification.

17. The defendant pleads the defense of apparent authority.

18. The plaintiffs cannot recover punitive damages against this defendant because such an award, which is penal in nature, would violate defendant's constitutional rights protected under the United States and Alabama Constitutions unless defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

19. The imposition of punitive damages in this case without any limitations or guidelines for the jury will violate this defendant's right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

20. Defendant avers that the imposition of an award of punitive damages against this defendant based upon the principle of joint and several liability amounts to an excessive fine imposed against this defendant in violation of the rights secured to it by the Eighth Amendment and the Fourteenth Amendment of the Constitution of the United States of America.

21. The failure of the law of the State of Alabama to make provision for the imposition of but one assessment of damages against a joint tortfeasor, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against this defendant for acts of negligence, wantonness, misrepresentation, fraud or other wrongdoing that this defendant did not commit, in contradiction of the rights

afforded it by the Fourteenth Amendment to the Constitution of the State of Alabama, which require that the state afford all persons equal protection of the law.

22. This defendant avers that the law of the State of Alabama, by imposing joint and several liability on this defendant for the acts of others operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity or culpability of other defendants joined in this action and thereby deprives this defendant of his property without due process of law in contravention of Amendments Five and Fourteen to the Constitution of the United States of America and Article I, Section 6 of the Constitution of the State of Alabama.

23. Defendant avers § 6-11-21 Alabama Code (1975) places a maximum limit of "three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater" on punitive damages recoverable, if at all, by the plaintiff in this case.

24. Defendant avers that the public policy of the State of Alabama as set forth in § 6-11-21 Alabama Code (1975) established a maximum limit on punitive damages recoverable (if any) by the plaintiff and that plaintiff cannot recover more than the limit established by the public policy of this state.

25. Defendant denies any acts of omission or commission which give rise to plaintiff's recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than the amount allowable under Alabama Code § 6-11-21, it is void as the proximate result of § 6-11-21 of the Alabama Code (1975).

26. As the investigation into this matter is just beginning, the defendant reserves the right to assert any and all additional affirmative defenses as may become apparent.

    /s/ Neal D. Moore, III
Neal D. Moore, III    (MOO 073)
Larry Young, Jr.    (YOU049)
*Attorneys for Diversified Collection Services, Inc. and Great Lakes Higher Education Corporation.*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 – fax

**CERTIFICATE OF SERVICE**

This is to certify that on this the 17th day of May 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

    _____ mailing the same by first-class United States mail, properly addressed and postage pre-paid

    _____ hand delivery

    _____ via facsimile

    ____X____ E-File

Don L. Hall
HALL & TUCKER, LLC
1616 Third Avenue North
Bessemer, Alabama 35020
(205) 425-5711

    /s/ Neal D. Moore, III
    OF COUNSEL

{W0258702.1 }